IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA TAYLOR, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 18-706 |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Presently before the Court are Plaintiffs' Motion to Compel Discovery and for a Sixty-Day Enlargement of Time to Conduct Discovery (Doc. No. 20), Defendant's Response thereto (Doc. No. 21), Defendant's Motion for Summary Judgment (Doc. No. 22), Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(d) for More Discovery in Order to Respond to Defendant's Motion for Summary Judgment (Doc. No. 24), and Defendant's Response thereto (Doc. No. 25). For the reasons that follow, the Court will deny Plaintiffs' Motions and grant Defendant's Motion for Summary Judgment.

## I.      BACKGROUND

This action arises out of an incident that occurred on October 29, 2013, when a large group of United States Marshals raided the home of Plaintiff Veronica Taylor in Philadelphia while searching for a fugitive. Compl. ¶¶ 14-31, Taylor v. Hylton, No. 15-5894 (E.D. Pa. October 29, 2015) (Doc. No. 1) [hereinafter "Hylton Compl."]; see also Answer ¶ 25, Taylor v.

United States, No. 18-706 (E.D. Pa. Apr. 19, 2018) (Doc. No. 12).[1] Plaintiffs asserted that in the process of that raid, the officers committed violations of Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Hylton Compl. ¶¶ 14-31. Plaintiffs asserted Bivens claims against the individual officer defendants for: illegal entry; illegal search and seizure; exercise of excessive force; failing to prevent other officers from violating Plaintiffs' Fourth Amendment rights; and conspiracy; and brought claims against the former Director and current Acting Director of the Marshals under Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658 (1978). Hylton Compl. ¶¶ 37-45. Subsequently, the parties agreed that rather than pursue claims against the individual officer defendants under Bivens and Monell, the Plaintiffs would instead prosecute their action against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Stipulation and Order of Substitution and Dismissal, Hylton, No. 15-5894 ("Stipulation").[2] To that end, the parties executed a Stipulation, which provided, in pertinent part, that: the Complaint contained allegations that could be construed as alleging common-law tort violations against federal officials or employees acting within the scope of their employment; Plaintiffs desired to recharacterize the Complaint as an action alleging a single count under the FTCA; the United States is the only permissible defendant under the FTCA; the parties agreed that the United States should be substituted as the lone defendant in this action and that the individual federal defendants and the John Doe defendants

---

[1] Plaintiffs initially filed their claims arising out of the raid against the individual officers involved and their supervisors in a case styled Taylor v. Hylton, No. 15-5894 (E.D. Pa.). Subsequently, the Plaintiffs voluntarily dismissed that case and then filed the present case. For purposes of clarity, citations to pleadings in the initial case will be designated as "Hylton" pleadings. Citations to pleadings in the present case will be designated by their title and docket number.

[2] The Stipulation is attached to the Court's March 14, 2016 Order (Doc. No. 9) in Hylton.

should be dismissed. Id. at 1. The parties recognized that the FTCA requires as a prerequisite to suit the administrative exhaustion of claims pursuant to 28 U.S.C. § 2675(a). Id. at 2. Accordingly, they stipulated that following the substitution of the United States as the lone defendant, the action would be dismissed without prejudice for failure to first exhaust the claims administratively by presenting them to the Marshals pursuant to 28 U.S.C. § 2675(a). Id. at 1-2. The Stipulation then provided as follows:

> Plaintiffs anticipate promptly filing an administrative claim with the United States Marshals Service pursuant to 28 U.S.C. § 2679(d)(5)(B); and in the event the claim is denied either by the agency in writing or by the expiration of the six-month period set forth in 28 U.S.C. § 2675, Plaintiffs anticipate promptly filing a Complaint in this Court against the United States Supreme Court under the FTCA.

Id. Based on the Stipulation, the Court ordered the United States be substituted as the Defendant in Hylton, all claims against the individual defendants be dismissed and the FTCA claims against the United States be dismissed without prejudice for failure to exhaust administrative remedies. Order, Hylton, No. 15-5894 (E.D. Pa. Mar. 14, 2016).

Plaintiffs proceeded to file their administrative claims with the United States Marshals Service ("Marshals"). See Def.'s Mot. Summ. J. Ex. 13. The record reflects that the Marshals received all but one of the claims on May 4, 2016.[3] Id. Ex. 15. The six-month period set forth in 28 U.S.C. § 2675 passed in December 2016 without the Marshals responding to the Plaintiffs' claims. See id. Plaintiffs did not "promptly file" their FTCA Complaint in this Court as contemplated in the Stipulation. See Compl. (Doc. No. 1). Five months later, on May 26, 2017,

---

[3] The claim for Plaintiff Julius Butler was filed separately, and the record reflects that the Marshals received that claim on June 7, 2016. Defendant asserts that this claim was untimely pursuant to 28 U.S.C. § 2679(d)(5)(b) because it was not filed within 60 days of the dismissal of Plaintiffs' initial Complaint. Def.'s Mot. Summ. J. at 11. Because the Court is granting Defendant summary judgment against all Plaintiffs on the grounds set out infra in Section III, it

(Footnote continued on next page)

the Marshals responded to Plaintiffs' claims by denying them. Def.'s Mot. Summ. J. Ex. 15. Each of the six letters the Marshals sent denying the six Plaintiffs' claims contained the following statement: "If your client is dissatisfied with our determination, suit may be filed in the appropriate U.S. District Court no later than six months after the date of the mailing of this denial. See 28 U.S.C. § 2401(b)." Id. More than eight months later, on January 31, 2018, Plaintiffs filed what they styled as an Amended Complaint in the Hylton action that the Court previously had dismissed. Am. Compl., Taylor v. Hylton, No. 15-5894 (E.D. Pa. Jan. 31, 2018) (Doc. No. 10). The Court sua sponte struck the Amended Complaint on the ground that the action had been dismissed. Order, Taylor v. Hylton, No. 15-5894 (E.D. Pa. Feb. 1, 2018) (Doc. No. 11).

On February 20, 2018, Plaintiffs filed their Complaint in this action, asserting FTCA claims against the United States. Compl. (Doc. No. 1). On April 19, 2018, Plaintiffs filed an Amended Complaint. Am. Compl. (Doc. No. 6). Defendant moved to dismiss the Amended Complaint on the ground that the Plaintiffs had failed to meet the requirement of 28 U.S.C. § 2401(b) that they file their FTCA action within six months of the mailing of the Marshals' notices rejecting their claims. Def.'s Mot. to Dismiss (Doc. No. 8-1) at 7-8. Plaintiffs raised three arguments in opposition to the Motion. First, they argued that the terms of the Stipulation stating that they "anticipate[d] promptly filing a complaint in this Court against the United States under the Federal Tort Claims Act" superseded the filing deadline stated in the statute and, therefore, that they were only required to comply with the provision that they act promptly, which they allege they did. Pls.' Mem. of Law in Supp. of their Resp. to Def.'s Mot. to Dismiss

---

is not necessary to address that argument.

(Doc. No. 9) at 6-8.  Second, they maintained that the statutory filing deadline should be equitably tolled because they were misled by defense counsel into believing that they were not required to comply with the statutory deadline for filing FTCA claims.  Id. at 8-10.  Third, they asserted that the Defendant was equitably estopped from raising the filing deadline as a defense because defense counsel "affirmative[ly] [mis]represented to Plaintiffs that they need only act promptly" rather than comply with the statutory deadline.  Id. at 11.

In an Order issued on May 21, 2018, the Honorable Mark A. Kearney denied the Motion to Dismiss.  Order (Doc. No. 10).  He rejected Plaintiffs' argument that the terms of the Stipulation superseded the statutory filing deadline.  Id. at 1 n.1.  Nevertheless, although noting that Plaintiffs did "not plead a fact showing the United States actively misled them into believing they did not have to comply with the deadlines," he held that determining whether equitable tolling applies requires consideration of evidence beyond the pleadings and that the equitable tolling issue would be best addressed in a motion for summary judgment.  Id. (citing In re Community Bank of N. Va., 622 F.3d 275, 302-03 (3d Cir. 2010)).

Subsequently, the parties consented to have this matter referred to the undersigned to conduct all proceedings and order the entry of final judgment.  Doc. Nos. 15, 16.  After a scheduling conference with the parties, a June 18, 2018 Scheduling Order ("Scheduling Order") was entered directing that the parties would have until September 14, 2018 to conduct discovery limited to the issue of equitable tolling and setting a briefing schedule for Defendant's filing of a summary judgment motion.  Doc. No. 19.  During the conference, the parties raised the issue that Plaintiffs might seek the deposition of Defendant's counsel and that Defendant would object to any such deposition.  The parties served written discovery requests, and Defendant responded to Plaintiffs' requests on July 6, 2018, objecting, inter alia, to certain requests for documents

regarding other FTCA cases and documents relating to the training given to government counsel regarding Bivens actions. See Def.'s Resp. to Pls.' Mot. to Compel Disc. Exs. I, J. Defendant granted Plaintiffs two extensions of their deadlines to respond to its discovery requests; however, Plaintiffs failed to meet either extended deadline. Id. Ex. K. When prompted by defense counsel after the second missed deadline, Plaintiffs requested a third extension, which resulted in their finally responding to the discovery requests on August 14, 2018. See id. Exs. K, L. There is no evidence in the record reflecting that Plaintiffs took any action whatsoever to conduct discovery beyond serving their written discovery requests until September 13, 2018—one day before the discovery deadline. Plaintiffs do not contend otherwise. On that date, Plaintiffs' counsel sent an email to defense counsel asking to schedule a date for defense counsel's deposition and challenging the objections to Plaintiffs' discovery requests that the Defendant had served on July 6, 2018. Id. Ex. O. The next day—the day of the discovery deadline—Plaintiffs filed their Motion to Compel, which included a request for a 60-day extension of time in which to conduct discovery on the issue of equitable tolling. Mot. to Compel at 6. In that Motion, Plaintiffs offered no explanation for their failure to conduct anything more than written discovery within the three months that the Scheduling Order had allotted to them to do so.

Defendant filed an objection to Plaintiffs' Motion to Compel, and then proceeded to file their Motion for Summary Judgment within the time permitted under the Scheduling Order. On October 2, 2018, this Court entered an Order directing Plaintiffs to respond to the summary judgment motion by October 22, 2018. Order (Doc. No. 23). That Order stated that if Plaintiffs still sought the discovery that was the subject of their Motion to Compel, they could file a motion requesting a discovery extension pursuant to Federal Rule of Civil Procedure 56(d). Id.

Plaintiffs filed a Rule 56(d) Motion and the Defendant filed its opposition thereto. Accordingly, the Motions are now ripe for resolution.

## II.     THE APPLICABLE LEGAL STANDARD

Under the well-established summary judgment standard, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Williams v. Wells Fargo Bank, No. 14-2345, 2015 WL 1573745, at *3 (E.D. Pa. Apr. 9, 2015) (quoting Wright v. Corning, 679 F.3d 101, 105 (3d Cir. 2012)).

> [T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his or] her case with respect to which [he or] she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

"By its very terms, this standard [that there be no genuine issue as to any material fact] provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). A material fact is one that "might affect the outcome of the suit under the governing law." Id. at 248.

7

When ruling on a motion for summary judgment, the court shall consider facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 538 (3d Cir. 2006). To prevail on summary judgment, however, "the non-moving party must present more than a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-moving party].'" Burton v. Teleflex Inc., 707 F.3d 417, 425 (3d Cir. 2013) (quoting Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)); see also Anderson, 477 U.S. at 252.

If the party opposing a motion for summary judgment believes that he or she needs additional discovery in order to respond to the motion, he or she may seek additional time for discovery pursuant to Federal Rule of Civil Procedure 56(d). To obtain additional time for discovery, the party must submit an affidavit stating with specificity "'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" Smith v. Depuy Orthopaedics, Inc., 552 F. App'x 192, 195 (3d Cir. 2014) (quoting Dowling v. City of Phila., 855 F.2d 136, 138-39 (3d Cir. 1988)); see also Lunderstadt v. Colafella, 885 F.2d 66, 71 (3d Cir. 1989) (the affidavit must state that information with specificity).

### III. DISCUSSION

Defendant asserts that it is entitled to summary judgment pursuant to 28 U.S.C. § 2401(b), which states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

Def.'s Mot. Summ. J. at 9-12. For the purposes of the present Motions, Defendant has accepted that all of the Plaintiffs other than Julius Butler, see supra n.3, have satisfied the requirement that they file suit within two years from the date their claims accrued pursuant to the savings provision of 28 U.S.C. § 2679(d)(5). Id. at 10. Defendant contends, however, that Plaintiffs failed to meet the requirement of 28 U.S.C. § 2401(b) that they file their FTCA action within six months of the mailing of the Marshals' notices rejecting their claims. Id. at 9-12. There is no dispute that Plaintiffs did not meet that deadline. Thus, after Judge Kearney's ruling on Defendant's Motion to Dismiss, the only issue remaining in this case is whether the Plaintiffs can establish that they are entitled to equitable tolling of the statutory filing deadline. See Order (Doc. No. 10) at 1 n.1.

In the affidavit the Plaintiffs submitted in support of their Rule 56(d) Motion, Plaintiffs assert that they require discovery regarding: (1) "standard orders and stipulations of dismissal used by the U.S. in cases like this where they [sic] seek to convert a Bivens claim to a tort claim"; and (2) "training and policy material related to the conversion of Bivens claims into FTCA claims." Affidavit of Alan Denenberg, Esquire at 6, 9 ("Denenberg Aff.").[4] They also assert that they need to conduct depositions of Defendant's litigation counsel in this case and of other "individuals with knowledge on policy and training related to the conversion of Bivens claims to tort claims." Id. at 11. They fail, however, to meet the requirement that they demonstrate how the information they seek to discover would preclude summary judgment. Smith, 552 F. App'x at 195.

---

[4] The affidavit is attached to the Motion as Doc. No. 24 at 6-12.

9

To establish a basis for equitable tolling, a plaintiff must demonstrate that: (1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005); School Dist. v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981). However, "a plaintiff will not receive the benefit of equitable tolling unless [he or] she exercised due diligence in pursuing and preserving [his or] her claim." Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The remedy of equitable tolling is extraordinary, and courts extend it "only sparingly." Irwin, 498 U.S. at 96; Santos, 559 F.3d at 197-98. "It is especially appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States." Santos, 559 F.3d at 197-98.

In the present case, Plaintiffs base their claim for equitable tolling on the theory that defense counsel actively misled them into believing that they did not have to comply with the statutory filing deadline. Denenberg Aff. at 6. The Plaintiffs cannot show, however, that the discovery they seek is capable of preventing summary judgment against them on that basis. Defendant could only have "actively misled" the Plaintiffs by communicating some information to them, either by word or action. Standard tolling agreements in Bivens actions—if they even exist—and information regarding general policy and training practices—none of which were known to Plaintiffs at the relevant time[5]—could not possibly establish that defense counsel actively misled them in this case. For this reason, Plaintiffs also cannot show how depositions of

---

5   Plaintiffs have not alleged that they are aware of any such standard tolling agreements or

(Footnote continued on next page)

individuals with knowledge of the Department of Justice's policy and training regarding the conversion of Bivens claims into FTCA claims could prevent summary judgment against them.[6] Even assuming that such information would be discoverable in this case, that would not provide a basis for granting additional time for discovery under Rule 56(d). Plaintiffs are required to make a specific showing that that the particular evidence they seek is capable of preventing summary judgment; not merely that they hope discovery might unearth a potential basis for a defense. See Smith, 552 F. App'x at 195. As for the deposition of defense counsel, if that counsel had made any representations to Plaintiffs or taken any conduct to mislead them, that information necessarily must be known to Plaintiffs without the need for discovery. The fact that Plaintiffs feel the need to obtain discovery to learn how it was that defense counsel misled them, therefore, corroborates that they cannot show that they relied on any of the as-yet undiscovered information.

The sole alleged representation known to Plaintiffs that they can point to for asserting that defense counsel misled them is the terms of the Stipulation itself. See Denenberg Aff. at 6-8. Stipulations between parties to a lawsuit are "'interpreted according to the general principles of contract construction.'" USX Corp. v. Penn Cent. Corp., 130 F.3d 562, 566 (3d Cir. 1997) (quoting Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R. Corp., 824 F.2d 249, 254 (3d Cir. 1987)). Among the most basic of those principles is that contracts are to be interpreted to

---

policy and training practices. Presumably, that is why they seek such discovery.

[6] Plaintiffs' unsupported assertion that it is the Department of Justice's policy to convert all Bivens claims into FTCA claims in the faint hope that Plaintiffs' counsel will fail to read the statute and miss their filing deadlines is both entirely speculative and fanciful. This is especially the case in light of the fact that the Marshals sent Plaintiffs' counsel six letters each of which explicitly referenced the six-month filing deadline and cited the applicable statutory provision. Def.'s Mot. Summ. J. Ex. 15.

11

effectuate the objective intent of the parties as expressed in the terms of the contract. Brokers Title Co. v. St. Paul Fire & Marine Ins. Co., 610 F.2d 1174, 1181 (3d Cir. 1979) (citing Harris v. Dawson, 388 A.2d 748, 750 (Pa. Super. Ct. 1978)). In this case, Plaintiffs argue that the fact the Stipulation states that they "anticipate[d] promptly filing a complaint in this Court against the United States under the Federal Tort Claims Act" after the six-month period for the Marshals to respond to their claims had passed renders ambiguous whether they were required to comply with the FTCA's filing deadline. Denenberg Aff. at 7-8. "To determine whether ambiguity exists in a contract, the court may consider 'the words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence to be offered in support of that meaning.'" Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 93 (3d Cir. 2001) (quoting Mellon Bank, N.A. v. Aetna Bus. Credit, Inc., 619 F.2d 1001, 1011 (3d Cir. 1980)). Here, the language of the Stipulation is unambiguous regarding the FTCA filing deadline. The Stipulation provides that the Plaintiffs would file their Complaint "under the Federal Tort Claims Act." Stipulation at 2. On the face of the Stipulation, there is no objectively reasonable basis for finding that filing a Complaint under the FTCA did not include complying with the FTCA's statutory filing deadline. In addition, Plaintiffs' suggested interpretation of the Stipulation is objectively unreasonable. The words "Plaintiffs anticipate promptly filing a complaint," id. (emphasis added), did not even bind Plaintiffs to take any action, let alone the Defendant.[7] They merely state the Plaintiffs' anticipations of their future conduct.[8] That language certainly does

---

[7] Notably, if the language regarding Plaintiffs' anticipation did establish a binding obligation, then it is unlikely that Plaintiffs could be found to have met that obligation. After the statutory six-month period for the Marshals had expired in December 2016, Plaintiffs did not file their purported Amended Complaint in Hylton until 13 months later, on January 31, 2018.

[8] This language regarding Plaintiffs' anticipation was added in response to Plaintiffs'

(Footnote continued on next page)

12

not suggest to an objective observer that Defendant was agreeing to waive the statutory filing deadline.[9] If Plaintiffs' counsel in fact believed otherwise, that subjective belief would have no effect on the parties' contractual obligations. "Pennsylvania law clearly holds that, absent fraud, if there is a unilateral mistake as to the contract provisions, it is insufficient to invalidate the agreement." In re Nelson Co., 959 F.2d 1260, 1268 (3d Cir. 1992) (citing Rusiski v. Pribonic, 515 A.2d 507, 511 (Pa. 1986)). In light of the fact that their proposed interpretation of the Stipulation is objectively unreasonable, if Plaintiffs' counsel did understand the Stipulation to relieve Plaintiffs from the need to comply with the statutory deadline, then their mistake was solely unilateral. In the absence of any other allegations of misleading representations or conduct by defense counsel, Plaintiffs' equitable tolling argument fails, and its failure leaves them with no defense to summary judgment.

In addition, Plaintiffs' failure to pursue discovery diligently is an independently sufficient ground on which to reject their equitable tolling argument. Due diligence is a prerequisite for equitable tolling. Irwin, 498 U.S. at 96. "The principles of equitable tolling thus do not extend to 'garden-variety claims of excusable neglect.'" Santos, 559 F.3d at 197 (quoting Irwin, 498

---

counsel's stated concern that "the Judge will let this linger" and his request to include in the Stipulation "a time frame, like 30-45 day for the administrative claim to be denied." Def.'s Mot. Summ. J. Ex. 7, at 2. How the language regarding Plaintiffs' anticipation would address Plaintiffs' counsel's stated concern is unclear. Nevertheless, this history does reflect that the statutory filing deadline was not even a subject discussed between the parties.

[9] Plaintiffs also contend that defense counsel actively misled them by not including in the Stipulation that they would be required to comply with the statutory filing deadline. Denenberg Aff. at 7. That contention is meritless. Government counsel are under no obligation to advise even pro se parties of their potential rights under the FTCA. See Jones v. United States, 366 F. App'x 436, 440 (3d Cir. 2010); Hedges, 404 F.3d at 752. Defense counsel was certainly not under a duty to advise opposing counsel of the requirements of the FTCA. Failure to do so gratuitously cannot be construed to have affirmatively misled the Plaintiffs.

U.S. at 96).[10] Plaintiffs have not even attempted to explain why they waited for months—until the day before the discovery deadline—to object to Defendant's discovery responses or to inquire regarding their desired depositions. Nor do they attempt to explain how their conduct could be considered diligent.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs have failed to make a showing sufficient to justify a discovery extension under Federal Rule of Civil Procedure 56(d) or to defeat Defendant's assertion that it is entitled to summary judgment as a matter of law. Accordingly, Defendant will be granted summary judgment. An appropriate Order follows.

Dated: December 6, 2018

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

---

[10]     Similarly, for a party to invoke Rule 56(d), he or she must be able to recount specific, diligent actions taken prior to the filing of the Rule 56(d) motion. Banks v. City of Philadelphia, 309 F.R.D. 287, 292 (E.D. Pa. 2015) (citing Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986)).

14